PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
SCOTT E. CARON, State Bar No. 227871
scaron@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Third Party
LOS ANGELES COUNTY
DISTRICT ATTORNEY'S OFFICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO CHAVEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 08-01209 GAF (JTLx)<br><br>Honorable Jennifer T. Lum,<br>Magistrate Judge<br><br>[PROPOSED] PROTECTIVE ORDER PURSUANT TO STIPULATION |

Pursuant to the stipulation of the parties, filed on December 17, 2008, IT IS HEREBY ORDERED as follows:

1. Plaintiff Gerardo Chavez ("Plaintiff") has served a subpoena *duces tecum* on Third Party Los Angeles County District Attorney's Office ("DAO"), seeking the entire case file for the criminal case *People v. Gerardo Chavez*, Los Angeles Superior Court Case No. TA088442. The DAO believes that certain documents and information to be disclosed by the DAO are privileged and confidential and their use should be strictly limited. This Order is entered to address the DAO's concerns.

2. All originals and copies of the DAO's disposition memorandum, the April 18, 2007 DA I memorandum, the chronology notes contained on the outside of the DAO's file for Case No. TA088442, and any handwritten attorney file notes that are located and maintained in the file (hereinafter collectively "**the Protected Documents**"), shall be subject to this Protective Order.

3. All of **the Protected Documents** shall be stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

4. Each person and/or entity receiving any of **the Protected Documents** shall not disclose to any person or entity, in any manner, including orally, any of **the Protected Documents** or any of the information contained therein. Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph No. 12 of this Order and it is done so under seal as described in Paragraph 7 of this Order.

5. **The Protected Documents** and all information contained therein, may only be disclosed to the following "qualified" persons:

    (a)    Counsel of record for the parties to this civil litigation;

    (b)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and

    (d)    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

6. Prior to receiving or reviewing any of **the Protected Documents**, each "qualified" person listed in Paragraph No. 5 of this Order shall be provided with a copy of this Order and shall execute and date a nondisclosure agreement in the form of Attachment "A" to then parties' stipulation a copy of which has been provided to counsel for all parties.

//

7. Except for the use of **the Protected Documents** during the trial in this matter, if any of **the Protected Documents**, or any portion thereof, are to be used in this proceeding, they shall be filed with the Court under seal.

8. A copy of this Order shall be attached as an exhibit to **the Protected Documents**.

9. The court reporter, videographer, and audiographer, if any, who record all or part of any deposition in this matter, shall be subject to this Order.

10. Should **the Protected Documents**, or any one or number of them, be marked or included as an exhibit to any deposition in this matter, the court reporter, videographer, and audiographer who records all or part of any deposition in this matter shall be prohibited from providing the original or copy of the deposition transcript, videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, to any persons other than a "qualified person" as listed in Paragraph 5 of this Order.

11. Each person receiving or reviewing any of **the Protected Documents** must consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions as provided in Paragraph No. 15 of this Order. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until thirty (30) days after this litigation has become final, including any appellate review.

12. **The Protected Documents** shall be used solely in connection with the preparation and trial of the within case (Case No. CV 08-01209 GAF (JTLx)), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

//

13. This Order is made for the purpose of ensuring that **the Protected Documents** and the information contained therein will remain confidential.

14. No more than thirty (30) calendar days after the judgment in this matter becomes final, Plaintiff, Plaintiff's Counsel, and every other person and/or entity who received originals or copies of **the Protected Documents** shall return all originals and copies of **the Protected Documents** to the DAO, care of: Scott E. Caron, Esq., Lawrence Beach Allen & Choi, PC, 100 West Broadway, Suite 1200, Glendale, California 91210-1219.

15. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: December 18, 2008

_____
HONORABLE JENNIFER T. LUM
United States Magistrate Judge