1    **CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
     **MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
2    **CORY BRENTE**, Assistant City Attorney
     **CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney - **SBN 192872**
3    christian.bojorquez@lacity.org
     200 North Main Street, 6th Floor, City Hall East
4    Los Angeles, CA  90012
     Phone No.: (213) 978-6900, Fax No.: (213) 978-8785
5

6    *Attorneys for Defendants* CITY OF LOS ANGELES, TIM COLSON and
     MICHAEL LEVANT
7

8                    UNITED STATES DISTRICT COURT
9
                     CENTRAL DISTRICT OF CALIFORNIA
10
     GERARDO CHAVEZ,                    )   CASE NO.:   CV 08-01209 GAF (PLAx)
11                                      )   *Honorable Judge GARY A. FEES*
                                        )   *Magistrate Judge Paul Abrams*
12                *Plaintiff,*          )
                                        )
13                                      )   ***STIPULATION AND [PROPOSED]***
          vs.                           )   ***PROTECTIVE ORDER RE***
14                                      )   ***PRIVILEGED DOCUMENTS***
                                        )
15   CITY OF LOS ANGELES, LOS           )
     ANGELES POLICE                     )
16   DEPARTMENT, MICHAEL                )
     LEVANT, #35007, individually and   )   NOTE CHANGES MADE BY THE COURT.
17   as a peace officer, TIM COLSON,    )
     #32160 individually and as a peace )
18   officer, DOES 1-10.                )
                                        )
19

20   ***TO THE HONORABLE COURT:***

21        After the Plaintiff GERARDO CHAVEZ, individually, (hereinafter referred to

22   as "Plaintiff"), by and through his attorneys of record, Thomas E. Beck, Esq, of The

23   Beck Law Firm, by and through Thomas E. Beck, Esq. and Defendants CITY OF

24   LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE

25   LEVANT and OFFICER COLSON (hereinafter referred to as "Defendants"), by and

26   through their attorneys of record, Carmen A. Trutanich, City Attorney, Cory M.

27   Brente, Supervising Assistant City Attorney and Christian R. Bojorquez conferred

28

     *Chavez-Protective Order - Protect.wpd*            1

1    regarding outstanding discovery issues. **IT IS HEREBY STIPULATED AND**

2    **AGREED** between the parties hereto, by their undersigned counsel of record, that the

3    following Protective Order, and its terms shall govern documents that are designated

4    confidential documents and/or writings because Defendants believe, in good faith,

5    that these documents and/or writings are privileged, confidential, private or sensitive

6    nature. This will be accomplished by affixing to such document or writing a legend,

7    such as "Confidential," "Confidential Documents," "Confidential Documents Subject

8    to Protective Order" or words of similar effect. Documents and writings so

9    designated, and all information derived therefrom (hereinafter, collectively,

10    "Confidential Information"), shall be treated in accordance with the terms of this

11    stipulation/protective order.

12

13    ## I.  GOOD CAUSE STATEMENT

14    City Defendants provide the following "Good Cause Statement." It should be

15    noted that Plaintiff does not necessarily agree with the assertion of good cause, but

16    has agreed to sign the stipulation in an attempt to narrow down any discovery

17    disputes that may remain. The Los Angeles Police Department conducts internal

18    administrative investigations of Officer Involved Uses of Force and Complaint

19    Investigations (hereinafter "Administrative Investigations") and also maintains a

20    personnel file on its officers which includes personnel training information. Once an

21    Administrative Investigation is initiated, a formal investigation number is prepared.

22    Such investigations are reviewed by appropriate command officers in the Department.

23    This review has several purposes: (1) to determine whether the involved officers

24    violated any Department policies or procedures; (2) to determine whether

25    administrative discipline and/or retraining of the involved officers is necessary; and

26    (3) to ascertain if police policies and procedures in such areas as supervision,

27    training, tactics, policies, etc. should be modified. Administrative Investigations are

28    an essential aid to providing critical evaluation of Department officers and policies,

1   and to determine the most effective way to serve the citizens of Los Angeles.

2       The Department strives to maintain the confidentiality of an officer's personnel

3   package and Administrative Investigations, and the information contained therein, in

4   recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and

5   832.8 and 1040 et al. of the California Evidence Code. Just as officer's personnel

6   package is maintained as confidential, so too are the Administrative Investigations

7   involving a particular officer(s). Administrative Investigations, like an officer's

8   personnel package, include information which is both personal in nature and could

9   potentially impact the liberty interests of the involved police officers and/or civilians

10   named within. The information obtained from personnel packages and

11   Administrative Investigations can, and have been used to initiate disciplinary action

12   against officers, as well as evidence in disciplinary proceedings where the officer's

13   conduct was considered to be contrary to Department policy. At this time, the parties

14   have agreed that certain Administrative Investigation information will be provided

15   pursuant to the terms set forth in this Protective Order, as well as the underlying Use

16   of Force Report & Complaint Investigation Materials. As a result, the parties have

17   agreed to this Proposed Protective Order covering these records for the following

18   Good Cause reasons:

19       a.       Administrative Investigations are maintained as confidential

20   reports and are considered part of the individual officers' personnel record.

21   Administrative Investigations include information which is both personal in nature

22   and could potentially impact the liberty interests of the involved police officers and/or

23   civilians named within. The information obtained from Administrative Investigations

24   can and have been used to initiate disciplinary action against officers and as evidence

25   in disciplinary proceedings where the use of force or tactics used were considered to

26   be contrary to Department policy.

27       b.       Unfettered release of Administrative Investigations have the

28   potential for untold negative results. In terms of societal interests, it would inhibit the

1  Department's ability to frankly engage in critical self-analysis.  Public exposure of
2  many Administrative Investigations could severely threaten the safety and well-being
3  of the individuals, their families and associates.  Many Administrative Investigations
4  include embarrassing facts.  At a minimum, disclosure of an entire Administrative
5  Investigation would cause needless intrusion of privacy rights and have a negative
6  effect on the Department's effort to conduct these important investigations.  Indeed,
7  for all of these reasons, persons interviewed by Investigators are advised that their
8  statements are being taken for the confidential use of the Department.

9        c.        The materials and interview statements of Administrative
10  Investigations are maintained in protected files in order to maintain their
11  confidentiality.  They are not routinely shown to other city departments.  Even then,
12  information which is not clearly relevant to the rationale governing the request is
13  redacted to ensure the utmost regard for the privacy rights of the mentioned within a
14  given report.  The reports are not available to the general public except by court
15  order.  In all instances, the Department requests <u>in camera</u> hearing to determine the
16  relevance for releasing all or part of a given report, again to ensure the
17  constitutionally protected privacy rights of those named or otherwise identified within
18  the body of the report.

19        d.        In each case involving court-ordered disclosure of information
20  from a Administrative Investigation sought in state or federal court, it is Department
21  policy to seek a protective order limiting use of the information to the case at trial and
22  identifying those persons who may properly be granted access to the information.
23  Absent a protective order, it becomes unrealistic to conceive that the large numbers of
24  attorneys, secretaries, law clerks, paralegals and witnesses involved in many cases
25  will be able to maintain proper confidence of personal, private material absent an
26  order which clearly delineates their responsibilities.  The orders further request that
27  said records be returned to the Department after the case has terminated, either by
28  final judgment or otherwise.  This request serves to ensure that intrusion into the

1 privacy and employment rights of those involved is limited to the particular case in
2 which the facts are relevant.

3      e.        Even with a carefully written protective order, the release of
4 portions of an Administrative Investigation, without prior judicial review to
5 determine relevancy and assess privacy concerns, ignores the constitutional
6 protection given to individual privacy under the United States and California
7 Constitutions and which a third-party such as the Department is obligated to assert.
8 The issuance of an appropriate protective order makes certain that these privacy
9 concerns are not compromised beyond that degree necessary to the issues before the
10 court. Accordingly, on behalf of the Los Angeles Police Department and those
11 persons identified within a given Administrative Investigation, the Defendants
12 respectfully request these procedural protections in the instant case.

13
14             **II.   TERMS OF THE PROTECTIVE ORDER**

15      1.        Defendants and Plaintiffs have agreed that the below-listed
16 documents shall be designated confidential documents and/or writings because
17 Defendants believe, in good faith, that these documents and/or writings are
18 privileged, confidential, private or sensitive nature. This will be accomplished by
19 affixing to such document or writing a legend, such as "Confidential," "Confidential
20 Documents," "Confidential Material Subject to Protective Order" or words of similar
21 effect. Documents and writings so designated, and all information derived therefrom
22 (hereinafter, collectively, "Confidential Information"), shall be treated in accordance
23 with the terms of this stipulation/protective order.

24      Whereas plaintiff has propounded a request for production of documents upon
25 defendants pertaining to official and confidential information, contained in
26 documents maintained by the Los Angeles Police Department, and whereas the
27 parties having met and conferred, and stipulated to the following terms and
28 conditions, the Court hereby orders as follows:

*Chavez-Protective Order - Protect.wpd*         5

1          1.    Defendants may designate as confidential any document or

2  writing that they, in good faith, believe contains information of a privileged,

3  confidential, private or sensitive nature, by affixing to such document or writing a

4  legend, such as "Confidential," "Confidential Documents," "Confidential Documents

5  Subject to Protective Order" or words of similar effect.  Documents and writings so

6  designated, and all information derived therefrom (hereinafter, collectively referred to

7  as "Confidential Information"), shall be treated in accordance with the terms of this

8  stipulation and protective order.

9          2.    If Plaintiff's counsel believes that any document, writing or

10  information that has been designated by Defendants as Confidential (or an equivalent

11  designation) does not warrant that designation Plaintiff's counsel will advise

12  Defendants' Counsel. The parties will attempt in good faith to resolve the question of

13  whether the designation is warranted.  If the parties are unable to resolve the matter

14  informally, the disagreement will be resolved by the Magistrate Judge (or District

    pursuant to Local Rule 37.

15  Judge, if appropriate). Notwithstanding Plaintiff Counsel's belief that a document,

16  writing or information that has been designated by Defendants as Confidential (or an

17  equivalent designation) does not warrant that designation, Plaintiff's counsel will

18  continue to treat it as such in accordance with the terms of this Protective Order

19  unless and until the parties agree otherwise or the Court orders otherwise.

20          3.    Confidential Information may be used by the persons

21  receiving such information only for the purpose of this litigation.  It may not be

22  utilized to seek discovery on any other matter and/or case.

23          4.    Subject to the further conditions imposed by this stipulation,

24  Confidential Information may be disclosed only to the following persons:

25              (a)    Counsel for the parties, parties, and to experts,

26  investigators, paralegal assistants, office clerks, secretaries and other such personnel

27  working under their supervision.

28              (b)    Such other parties as may be agreed by written

*Chavez-Protective Order - Protect.wpd*                6

1    stipulation among the parties hereto, or by Court order; and

2             (c)    All Court Personnel in which this case is assigned.

3        5.    Prior to the disclosure of any Confidential Information to

4    any person described in paragraph 4(a) or 4(b), counsel for the party that has received

5    and seeks to use or disclose such Confidential Information shall first provide any

6    such person with a copy of this stipulation, and shall cause him or her to execute, on a

7    second copy which counsel shall thereafter serve on the other party the following

8    acknowledgment:

9        "I understand that I am being given access to Confidential

10       Information pursuant to the foregoing stipulation and order.
         I have read the Order and agree to be bound by its terms

11       with respect to the handling, use and disclosure of such

12       Confidential Information.

13       Dated: _____ /s/_____ "

14       6.    Upon the final termination of this litigation, including any

15   appeal pertaining thereto, all Confidential Information and all copies thereof shall be

16   returned to the Defendant City of Los Angeles through the City Attorney's Office.

17   All Confidential Information disclosed to any person or party pursuant to any

18   provision hereof also shall be returned to the Defendants.

19       7.    If any party who receives Confidential Information receives

20   a subpoena or other request seeking Confidential Information, he, she or it shall

21   immediately give written notice to the Defendants' counsel, identifying the

22   Confidential Information sought and the time in which production or other disclosure

23   is required, and shall object to the request or subpoena on the grounds of this

24   stipulation so as to obtain an order barring production or other disclosure, or to

25   otherwise respond to the subpoena or other request for production or disclosure of

26   Confidential Material.  It should be noted that in no event should production or

27   disclosure be made without written approval by the Defendants' counsel unless

28   required by court order arising from a motion to compel production or disclosure of

*Chavez-Protective Order - Protect.wpd*               7

1   Confidential Information.

2           8.    Any pleadings, motions, briefs, declarations, stipulations,

3   exhibits or other written submissions to the Court in this litigation which contain,

4   reflect, incorporate or refer to Confidential Information shall be ~~filed and maintained~~

5   ~~under seal~~. *lodged with an application to file under seal; the application must show good cause to file under seal.*

6           9.    The parties agree that the spirit of confidentiality as

7   protected in this order will apply to all proceedings.  To that end, before any protected

8   document or any information derived therefrom is to be put forward, admitted into

9   evidence, discussed in detail or otherwise publicized in Court, the party raising the

10   protected document will inform the other parties and allow for a motion to the Court

11   to close the proceedings to the public.

12          10.    Nothing herein shall prejudice any party's rights to object to

13   the introduction of any Confidential Information into evidence, on any evidentiary

14   grounds including but not limited to relevance and privilege.

15          11.    During the course of depositions, when counsel makes an

16   objection to a question concerning a protected document or information contained

17   therein, which is the subject of this Stipulation and protective order, or concerning a

18   general area that counsel believes should be covered by the scope of this Stipulation

19   and protective order, those witnesses (as identified in Paragraph 4(a) herein) may

20   answer the question, without waiving the objections, and the questions and answers to

21   those questions will be sealed and covered by the terms of this protective order.

22   Counsel and the parties reserve the right to object to the disclosure of confidential or

23   private information which is not the subject of this Stipulation and protective order.

24   Any documents deemed confidential pursuant to this protective order will be sealed,

25   if they are used as exhibits in any deposition.  This agreement does not waive any

26   objections counsel may make, including objections unrelated to the reasons for this

27   protective order.

28          12.    This Protective Order survives settlement, trial and/or

*Chavez-Protective Order - Protect.wpd*        8

1   appeal.

2           13.    This Stipulation may be signed in sub-parts and may be

3   transmitted by facsimile as if it was the original document.  Defendants will lodge this

4   executed Stipulation with the Court for approval.

5           *IT IS SO STIPULATED:*

6

7   Dated: October 6 , 2009

8                               THE BECK LAW FIRM

9                               By: _____

10                                   **THOMAS E. BECK, Esq.**

11                              Attorneys for Plaintiff GERARDO CHAVEZ

11  Dated: October 6 , 2009

12                              **CARMEN A. TRUTANICH**, City Attorney

13

14                              By _____

                                   **CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney

15                              Attorneys for Defendants

16

17      **IT HEREBY IS SO ORDERED:**

18

19

20

21  Dated: ____10/7____ , 2009              _____

22                                          **HON. PAUL ABRAMS**
                                            *United States Magistrate Judge*

23

24  *Presented by:*

25

26              *Christian R. Bojorquez, DCA*

27

28

    *Chavez-Protective Order - Protect.wpd*              9